NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PETRONA SIMON MATEO DE MARCOS; et al., <br><br> Petitioners, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No.    17-73377 <br><br> Agency Nos.    A208-600-551 <br> A208-600-552 <br> A208-600-553 <br> A208-181-139 <br> A202-065-170 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 19, 2019[**]

Before:    SCHROEDER, PAEZ, and HURWITZ, Circuit Judges

Petrona Simon Mateo de Marcos, her husband, and their three children, natives and citizens of Guatemala, petition pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's ("IJ") decision denying their applications for asylum, withholding of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Petitioners do not make any argument that responds to the BIA's dispositive conclusion that they waived any challenge to the IJ's determination that they did not demonstrate that any harm they experienced, even considered in the aggregate, rose to the level of persecution. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived). We do not address Petitioners' contentions as to the merits of their past persecution claim because the BIA did not deny relief on those grounds. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency.") (citation and internal quotation marks omitted). Substantial evidence supports the agency's conclusion that Petitioners failed to establish the requisite likelihood of future persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution "too speculative"). Thus, Petitioners' asylum claim fails.

In this case, because Petitioners failed to establish eligibility for asylum, they failed to demonstrate eligibility for withholding of removal. *See Zehatye*, 453

2

F.3d at 1190.

Substantial evidence also supports the agency's denial of CAT relief because Petitioners failed to show that it is more likely than not that they would be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Ahmed v. Keisler*, 504 F.3d 1183, 1201 (9th Cir. 2007) (finding substantial evidence supported the denial of CAT relief because the evidence did not demonstrate that it was more likely than not that petitioner would be tortured if returned).

**PETITION FOR REVIEW DENIED.**